ADOLPH MIKESKA V. THE STATE.

No. 21078. Delivered April 10, 1940.

The opinion states the case.

*W. A. Wright*, of San Angelo, and *Wm. W. Tupper*, of Seminole, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is an assault with intent to murder. The punishment assessed is confinement in the State penitentiary for a term of five years.

Appellant's main contention is that the evidence does not warrant and justify his conviction in this: that the preponderance of the evidence showed that he was insane at the time of the commission of the offense.

The State's testimony, briefly stated, shows that sometime in the latter part of January or the first part of the month

of February, 1939, appellant backed his car into a car belonging to Wesley Jennings, the injured party, and bent its fenders. Mr. Jennings asked him to pay for the damage to the car. Appellant replied that he would see Jennings the next morning but he failed to do so. About one week later, Jennings saw appellant at a basket ball game. Jennings asked him why he had not come to have the car repaired. Appellant replied that he did not get to it and did not know whether he would and then started to run. Jennings caught him by the arm, jerked him around and knocked him down twice. The next day appellant came to the filling station where Jennings was employed and purchased a bottle of Coca Cola and apologized for his previous conduct. Thereafter, on two or three occasions he came to where Jennings was employed and seemed to be friendly. On June 4th, about 8:00 p. m., he again came to the filling station and inquired for Jennings, stating that he wanted Jennings to go fishing with him that night. Mr. Hawes, who was working at the station at the time, informed appellant that Jennings had gone home. Appellant then inquired where Jennings resided. After having obtained the proper directions of how to go to the home of Jennings, he left. Mr. Hawes, who became suspicious that everything was not well and serene, got into his car and hurriedly drove to the Jennings home, arriving there a few seconds before appellant did. Appellant stopped his car in front of the Jennings home, honked the horn on his car several times, and when Jennings appeared in his front yard, appellant began to shoot at him and continued to shoot until he had fired six or seven bullets into the body of Jennings, when he hurriedly drove away.

Appellant did not testify but he proved by several doctors and a number of lay witnesses that he was of unsound mind, while a number of lay witnesses offered by the State testified that he was sane; and also some of the witnesses offered by appellant testified that he was sane. Consequently, the question is one of fact to be determined by the jury who are the exclusive judges of the facts proven, the credibility of the witnesses, and the weight to be given to their testimony.

Appellant contends, however, that he not only established his insanity by a preponderance of the evidence but beyond a reasonable doubt. Whether he did so to the satisfaction of the jury was also a question for them to determine. Under the facts as disclosed by this record, we would not be justified in holding as a matter of law that appellant was insane at the time of the commission of the offense. To do so would be usurpa-

tion of the functions of the jury and a substitution of our judgment for that of the jury.

Bill of Exception No. 2, complaining of the action of the trial court in overruling his motion for a new trial based on misconduct of the jury, cannot be properly appraised by us in the absence of a statement of the facts proven at the hearing of the motion. Moreover, it appears that appellant concedes that the bill, under the circumstances, fails to reflect any error,

Not being able to agree with appellant's contention, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.